Morgan E. Pietz (SBN 260629)
   morgan@pstrials.com
Thomas P. Burke Jr. (SBN 288261)
   tom@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Ave., 2nd Floor
Culver City, CA 90230
Telephone:   (310) 424-5557
Facsimile:   (310) 597-4626

*Attorneys for Plaintiff*
STEPHANIE SARLEY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEPHANIE SARLEY, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CHINSEA LINDA LEE p/k/a "SHENSEEA", an individual; UMG RECORDINGS, INC. d/b/a INTERSCOPE RECORDS, a Delaware corporation; and DOES 1-10. <br><br> Defendants. | CASE NO. 2:22-cv-07711 <br><br> **COMPLAINT FOR:** <br><br> **1. COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Stephanie Sarley ("**Sarley**" or "**Plaintiff**"), by and through her undersigned attorneys, brings this complaint (the "**Complaint**") against Chinsea Linda Lee, professionally known as "Shenseea," ("**Lee**"), UMG Recordings, Inc. ("**UMG**") and Does 1-10 (collectively "**Defendants**") upon knowledge and belief as to itself and as to all other matters upon information and belief of its undersigned attorneys. With respect to facts alleged herein on information and belief, Plaintiff and her undersigned attorneys are informed and believe that those facts are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery because, among other reasons, evidence to support those facts is exclusively in Defendants' possession.

## NATURE OF THE ACTION

1. This is an action for copyright infringement in connection with the United States terms of copyright (the "**Copyrights**") for the videos covered by Copyright Office Registration Nos. PA0002064875 ("***Untitled***"), PA0002137289 ("***Stephanie Sarley***"), and PA0002222186 ("***Juicy Fruits***"), which protect Ms. Sarley's unique line of sensual fruit imagery (the "**Original Works**").

## PLAINTIFF

2. Plaintiff Sarley is an individual residing in Berkeley, California.

## DEFENDANTS

3. Defendant Lee is an individual who, on information and belief, is a citizen and resident of Jamaica. Lee is a musician and travels to the United States frequently in connection with her performances; for instance, Lee performed in Sacramento in October 2021, Miami in July 2022, and New York in September 2022. Additionally, Lee infringed Sarley's registered copyrights through a music video that Lee distributed through YouTube, a California-based internet platform. On information and belief, Lee is represented by UMG d/b/a Interscope Records and United Talent Agency for her work in the United States, both of which are based in Los Angeles, California.

4. Defendant UMG Recordings, Inc. is a Delaware corporation with its principal place of business in Santa Monica, California. Lee is signed to Interscope Records, a division of UMG, which distributes Lee's music in the United States.

5. Defendants Does 1 through 10 are sued herein by fictitious names because their true names are unknown to Plaintiff. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of these Defendants when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that these fictitiously named Defendants are responsible in some manner for the actions and damages alleged herein.

6. Plaintiff is further informed and believes and based thereon alleges that Defendants at all times herein alleged were the agents, employees, servants, joint venturers, and/or co-conspirators of each of the other remaining Defendants, and that in doing the things herein alleged were acting in the course and scope of such agency, employment, joint venture and/or conspiracy.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is appropriate to this Court under 28 U.S.C. §§ 1331 and 1338 because this action arises under the copyright laws of the United States (17 U.S.C. §§ 101 *et seq.*). This Court has personal jurisdiction over Defendants in that, among other things: (1) Defendants' conduct caused injury to Sarley and her intellectual property within the State of California through continuous and systematic exploitation of the music video on YouTube, a California-based company, accessible to California-based consumers, with terms of service governed by California law. (2) Additionally, Defendants (a) regularly do or solicit business in the State of California, (b) engage in a persistent course of conduct in the State of California, (c) derive substantial revenue from consumers located in the State of California, (d) expect or should reasonably expect their acts to have consequences in the State of California, and (e) derive substantial revenue from interstate commerce. Venue is appropriate under 28 U.S.C. §§ 1391 and 1400

because a substantial part of the events giving rise to the claims occurred in Los Angeles County, and Defendants' actions caused injury in Los Angeles County. Further, as Federal District Court for the Central District of California has particular expertise in copyright law, hearing this matter in the Central District of California would contribute to judicial efficiency in the resolution of this matter.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. Sarley is a highly renowned conceptual artist famous for her exploration of surrealism and sexual imagery, and, for purposes of this matter, is the owner of the Original Works.

9. Sarley gained notoriety beginning in 2015 for posting a series of "fruit art" videos to Instagram—distinctive imagery depicting her sexualized handling of bisected fruit, frequently employing milk or honey to accentuate the fruit's response to physical stimulation.

10. Sarley created her first long-form compilation of these sensual fruit-art clips, *Untitled*, in 2016, and her second, *Stephanie Sarley*, in 2017. In 2018, Sarley created *Juicy Fruits* for an art show as a narrative composite of *Untitled* and *Stephanie Sarley*. *Juicy Fruits* involves the deliberate sequencing and editing of select clips from *Untitled* and *Stephanie Sarley* to convey an escalating series of sexual acts over a short two-minute timeframe, beginning with gentle handling of the subject fruits and slowly building to more intense penetrative acts.

11. Sarley's work gained widespread praise, notoriety, and media attention over the years, with high-profile write-ups from publications including *Playboy*, *Vice*, *Mother Jones*, *Paper Magazine*, *The Guardian*, *Metro*, *W Magazine*, *Daily Dot*, and many more. Sarley's sensual fruit videos have fostered an ongoing discussion in artistic circles about feminist iconography and sexuality, which is a theme Sarley has continued to explore in her work.

12. Sarley has carefully cultivated her artistic reputation and is highly selective when it comes to licensing her work to third parties.

13. In October 2019, Defendants published a music video for Lee's song entitled "Foreplay" (the "**Infringing Work**") on the YouTube video streaming service.

14. The Infringing Work uses footage taken directly from the Original Works (sometimes altered slightly in tone or hue) and merely overlays Lee's moniker "Shenseea" and the song name "Foreplay" over copied portions of the Original Works. Apart from these knowing modifications, the footage is identical. The Infringing Work incorporates nearly forty seconds of footage from the Original Works. A collection of images from the Infringing Work reflecting Lee's extensive incorporation of footage from the Original Work is attached hereto as **Exhibit 1**.

15. Additionally, a collection of side-by-side comparisons of screenshots of the Infringing Work, on the one hand, and the Original Works, on the other, is attached hereto as **Exhibit 2**. A selection of these side-by-side comparisons is included below, with screenshots from the Infringing Work on top and those from the Original Works on the bottom:








16. Sarley never authorized or granted any license to use any portion of the Original Works in the Infringing Work, and Defendants never contacted Sarley or her representatives in order to obtain licenses.

## FIRST CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT
### (Against All Defendants)

17. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 16, as though fully set forth herein.

18. Without Plaintiff's authorization, license, or consent, Defendants reproduced, distributed, and/or publicly performed the Original Works as part of the Infringing Work, thereby infringing Plaintiff's exclusive rights of copyright to the Original Works under the Copyright Act, 17 U.S.C. §§ 106, 501.

19. On information and belief, Defendants authorized the reproduction, distribution, and/or public performance of the Original Works by synchronizing Lee's music with the Original Works on YouTube, thereby creating the Infringing Work.

20. Each unauthorized reproduction, distribution, and/or public performance of the Infringing Work constitutes a separate and distinct act of copyright infringement of the Original Works.

21. Defendants' conduct has been intentional, willful, and with full knowledge of Plaintiff's copyrights in the Original Works and the direct infringement thereof.

22. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' direct infringement of Plaintiff's copyrights, Plaintiff is entitled to recover her actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

23. Plaintiff is also entitled to recover her attorney's fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment as follows:

**On the First Claim for Direct Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of their acts of infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial; and
2. For attorney's fees and costs.

**On All Claims for Relief:**

1. For costs of suit and attorney's fees incurred herein;
2. For prejudgment interest at the legal rate; and
3. For such other and further relief as the Court deems just and proper.

Dated: October 21, 2022

By   */s/ Morgan E. Pietz*
Morgan E. Pietz
Thomas P. Burke Jr.
*Attorneys for Plaintiff*

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: October 21, 2022        P<small>IETZ</small> & S<small>HAHRIARI</small>, LLP

By  */s/ Morgan E. Pietz*
    Morgan E. Pietz
    Thomas P. Burke Jr.
    *Attorneys for Plaintiff*